G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
6565 W. Sunset Blvd., Suite 410
Los Angeles, CA 90028
Telephone: 323.940.1697
Facsimile: 323.328.8095
tom@mblawapc.com
Attorney for Plaintiff
MICHAEL MIGLOZZI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MIGLOZZI,<br><br>    Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK, N.A.; and DOES 1-10, inclusive,<br><br>    Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br>**1. VIOLATIONS OF THE FAIR CREDIT REPORTING ACT [15 U.S.C. § 1681]**<br>**2. VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT [CAL. CIV. CODE §1785.25(A)** |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1. Michael Miglozzi (Plaintiff) brings this action to secure redress from Capital One Bank, N.A. (hereinafter "Defendant") for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, and the California Consumer Credit Reporting Act (CCCRA), Cal. Civ. Code § 1785.25(a).

**JURISDICTION AND VENUE**

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in San Marino, California. Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.

5. Defendant Capital One is a corporation which is engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. Defendant Capital One is a "person" as defined by FCRA 1681a(b), and a "reseller" as defined by FCRA 1681a(u).

6. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

7. Plaintiff opened a credit card account with Defendant Capital One in 2003.

8. In January, 2015, Plaintiff settled the outstanding balance allegedly due and owing to Capital One with Bleier & Cox. See Exhibit "A". The debt that was due or owing or alleged to be due or owing was from a natural person by reason of a consumer credit transaction and/or "consumer debt."

9. On or about February 18, 2015 pulled his credit and saw that Defendant Capital One Bank was falsely and negatively reporting that Plaintiff owed an outstanding balance to the Credit Reporting Agencies ("CRAs"). Plaintiff

formally disputed the negative, inaccurate information with all three Credit Rating Agencies ("CRAs").

10. Plaintiff submitted disputes to the three national credit reporting agencies (Equifax, Experian & Trans Union) in which he stated the precise reasons why Defendant Capital One Bank should not be reporting the account as having a balance or being past due. Plaintiff disputed he owed any money on the account balance, and requested that the balance and past due amounts be removed.

11. Upon receipt of the letters, the three credit reporting agencies each sent an automatic customer dispute verification form informing defendant Capital One Bank that Plaintiff was disputing its reporting of the status of the account.

12. In February, 2015, Plaintiff received the results of the investigation from Equifax, Experian and Trans Union. All three CRAs stated that Capital One continued to negatively and inaccurately credit-report that Plaintiff owed an outstanding balance.

13. Despite Plaintiff's exhaustive efforts to date to remove the erroneous information, Defendant has nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to include accurate information, has failed to report on the results of the reinvestigations and has continued to report the derogatory information about Plaintiff.

14. As a result of Defendant's conduct, Plaintiff has suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiff's great detriment and loss.

15. As a result of Defendant's conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

16. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

17. As a result of Defendant's conduct, Plaintiff has suffered a decreased credit score as a result of the negative entry appearing on Plaintiff's credit file.

## FIRST CAUSE OF ACTION

## DEFENDANT CAPITAL ONE VIOLATED THE

## FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

18. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

19. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s(2)(b);

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to Defendant;

    c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

    d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were

      conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

  f.  willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies;

  g.  willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

20.   Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate the Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. 1681n.

## SECOND CAUSE OF ACTION
## DEFENDANT CAPITAL ONE VIOLATED THE CONSUMER CREDIT REPORTING AGENCIES ACT, CALIFORNIA CIVIL CODE §§1785.1 *et seq.*

21.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.   California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

23.   California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete

shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

24. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

25. Defendant negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

a) Actual damages;

b) Statutory damages;

c) Punitive damages;

d) Costs and reasonable attorney's fees;

e) Any other relief that this court deems to be just and proper;

f) Any other relief that this court deems to be just and proper.

### **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Dated: March 8, 2015

RESPECTFULLY SUBMITTED,

MARTIN & BONTRAGER, APC

By: /s/ G. Thomas Martin, III

G. Thomas Martin, III
*Attorney for Plaintiff*